Hon. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
Hon. DANIEL KELLOGG, }

---

DANIEL WASHBURN *v.* ZEPHANIAH K. WASHBURN.

[IN CHANCERY.]

*Jurisdiction of chancery as to amount in dispute. Relief against forfeiture. Partnership account.*

In a suit in chancery, brought to obtain an account of partnership dealings, the matter fairly and *bona fide* in controversy between the parties, and not the amount of the balance ultimately struck by the master, is to determine the jurisdiction of the court.

Courts of equity will ordinarily grant relief against a forfeiture depending upon time merely.

Where a partnership was formed by two individuals for the purpose of cutting and conveying to market pine timber, and all the pine timber upon certain lots of land was purchased, in the name of one member of the firm, for the benefit of the firm, and paid for from the property of the firm, and the contract contained a provision, that the timber should be cut and taken from the land by a time specified, which was not done, but the owner of the land did not insist upon any forfeiture, but subsequently conveyed the land, for the mere price of the land exclusive of the timber, to the member of the firm with whom the original contract was made, it was held, that the timber remaining upon the land still continued the property of the firm, and that the avails of timber subsequently cut upon the land by the one who made the purchase, exclusive of expenses, must be accounted for by him, as assets of the firm.

APPEAL from the court of chancery. It was alleged in the bill, that in January, 1846, the orator and defendant entered into partnership for the purpose of cutting and conveying to market pine timber, and that, for the purpose of carrying on the business, they purchased of one Fairchild the pine timber standing upon two lots of land in Maidstone, and agreed to pay therefor $275,00,—which was afterwards paid from the partnership funds; that in January and February, 1846, the parties cut about one hundred and twenty one thousand feet of pine timber, which they sold for $687,18, and that the avails, after deducting the expenses, were divided between them, except that the defendant retained $14,00 more than his share; that on the twenty first of December, 1846, the defendant procured from Fairchild a conveyance of the land, upon which the timber stood, and had since claimed to hold the land and all the timber standing thereon; that a large quantity of pine timber yet remained standing upon the land, and in January or February, 1847, the defendant drew from there forty one thousand feet of pine timber, which he sold for $246, and appropriated the whole to his own use; and that one half of that sum would be a fair compensation for the expenses, and that the residue should be divided between the orator and the defendant. And the orator prayed, that an account might be taken of the partnership dealings, and of the timber cut and sold by the defendant in the winter of 1847, and that the defendant might be decreed to pay to him such sum as should be found due to him upon such accounting, and that the defendant might be decreed to hold an undivided half of the land in trust for the orator, and that

XXIII.      73

the timber thereon might be divided between them, and for a dissolution of the co-partnership.

The defendant answered, and alleged that in December, 1845, one Dewey recovered judgments against him upon liabilities assumed by the defendant for the orator, and thereupon, for the purpose of enabling him to obtain security for those liabilities, the partnership alleged in the bill was formed, to continue only during the winter of 1846; that in January, 1846, he entered into contract in writing with Fairchild, in his own name, but for the benefit of the partnership, by which the defendant agreed to cut and draw to Connecticut River all the pine timber standing upon the lots named in the bill, at a price specified, reserving a right to purchase the timber, if he chose, and make payment by a day named,—the timber to be all taken from the land by the first day of April, 1846; that by the terms of the partnership the timber was to be under the control of the defendant to sell and receive the avails, and the defendant was to have a lien upon the orator's share of the avails as security for the debt to Dewey; that the parties never purchased of Fairchild the timber upon the lots named in the bill, except as above stated; that the defendant gave notice to Fairchild of his election, pursuant to the terms of the contract between them, to take the timber and pay therefor the sum specified; that the parties commenced cutting the timber, and while they were so engaged, a dispute arose, in reference to the true boundaries of the lots, between Fairchild and one Merrill, who was the owner of adjoining land, and thereupon it was agreed, that no timber should be cut upon the disputed part, until the true line should be ascertained, and then, if it was found to belong to Fairchild, the timber upon that part might be cut by the orator and defendant in the winter of 1847; that in the course of the winter of 1846 the parties cut and sold timber from these lots to the amount of $689,10, from the avails of which the amount agreed, by the contract above mentioned, to be paid to Fairchild, was paid, and the residue, after paying the expenses of the business, was appropriated, by the consent of the orator, to the payment of the indebtedness to Dewey, and a settlement was then had between the parties; and that the defendant did not retain in his hands $14,00, or any other sum, belonging to the orator;—and the defendant de-

Washburn *v.* Washburn.

nied, that any part of the timber remaining upon the land after the first of April, 1846, was the property of the orator and defendant, except only what remained upon the disputed tract, above mentioned, which it was ascertained belonged to the lots named in the bill, and admitted, that in December, 1846, he procured from Fairchild a deed of the land for his individual use and benefit, and that, under that deed, he claimed all the timber upon said lots, except that upon the disputed tract, as his own, and that, in the winter of 1847, he drew from those parts of the lots, not included in the disputed tract above mentioned, timber which he sold for $245,37, and had appropriated the avails to his own use and refused to account therefor to the orator.

The answer was traversed, and testimony was taken, the result of which is stated in the opinion delivered in the court.

The court of chancery decreed, that the defendant account to the plaintiff for one half of the net proceeds of the timber cut by the defendant upon the land subsequent to the settlement between the parties, and that the plaintiff recover his costs. The master, to whom the matter was referred, reported, that the defendant had received from the avails of such timber, besides expenses, $70,12, upon which interest should be computed from April 1, 1847. The defendant appealed from the decree.

*W. Heyward, Jr.,* for orator.

*T. Bartlett* for defendant.

The opinion of the court was delivered by

Redfield, J. The questions in this case are mainly matters of fact, and were, we think, correctly decided by the court of chancery. In regard to the law involved in the decision, we have no doubt. The matter fairly and *bona fide* in controversy, and not the amount of the balance ultimately struck by the master, is to determine the jurisdiction. If it were not so, an account involving ever so many items upon either side might be taken out of the court of chancery altogether by the apprehension, that the master's final balance would fall below fifty dollars. And in regard to the very matter of the timber cut by the defendant, upon the average mode of estimating

its net value, the orator might fairly have calculated upon a balance
due to him of something more than fifty dollars. So that we do not
see, how any good ground of denying to the court of chancery juris-
diction in this case is made out.

Chapter 24, sec. 24, of the Revised Statutes provides, that " the
court of chancery shall dismiss every suit concerning property, ex-
cept to foreclose a mortgage, where the matter in dispute, exclusive
of costs, does not exceed fifty dollars, with costs to the defendant."
This section refers, doubtless, to the difference between the claim of
the plaintiff and that of the defendant, as " the matter in dispute."
It can, of course, be nothing else. This claim, to give jurisdiction,
must doubtless be *bona fide;* but we do not think the jurisdiction is
lapsed, because the master estimates it lower than the party, or be-
cause a portion of it is disallowed altogether.

In regard to the general merits of the claim, it may be somewhat
questionable, how far Fairchild, as between himself and the defend-
ant, after having taken pay for all the timber, could have insisted
upon the mere matter of time. I should somewhat question that.
It would be a mere penalty, depending upon time only, against
which courts of equity will ordinarily grant relief.

But Fairchild not having insisted upon any such forfeiture, but con-
veyed the land for the mere price of the land, exclusive of the tim-
ber, it seems to us, it must be considered, that the timber is the joint
property of the plaintiff and the defendant. The contract was orig-
inally made for their joint benefit, but in the name of the defendant,
and the price was paid from the joint funds. It seems to us, then,
that it must be regarded as joint property, and that the defendant
was justly held liable for it as such.

The claim for a conveyance of the land is altogether abandoned.
The effect of the decree is doubtless to secure to the orator all he
can justly claim,—an interest in the timber growing on the land.
If there is any old balance due to the defendant, very likely it should
have been deducted, and it probably was, from the balance found
due the plaintiff upon the new sale, and a final decree passed only
for the ultimate balance due. We see no ground to question the
regularity of the proceedings in the court of chancery, and the de-
cree is affirmed, with costs, and the case remanded to the court of
chancery, that the decree may be carried into effect.